# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBYN SHAW AND ROBERT SHAW, III, w/h | : | NO.  2:21-cv-1436 |
| 300 Morewood Avenue | : | |
| Blairsville, PA 15717 | : | |
| | : | JURY TRIAL DEMANDED |
| and | : | |
| | : | |
| ROBYN SHAW AND ROBERT SHAW, III | : | |
| as Parents and Natural Guardians of | : | |
| AS and TS, minors | : | |
| 300 Morewood Avenue | : | |
| Blairsville, PA 15717 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MAGIC TIME INTERNATIONAL, LTD. | : | |
| International Plaza | : | |
| 20 Sheung Yuet Road | : | |
| Kowloon Bay, Hong Kong | : | |
| | : | |
| and | : | |
| | : | |
| WAL-MART STORES, INC. | : | |
| c/o CT Corporation System | : | |
| 818 West 7th Street, Suite 930 | : | |
| Los Angeles, California 90017 | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

### CIVIL ACTION COMPLAINT

Plaintiffs, Robyn Shaw and Robert Shaw, wife and husband, by and through their undersigned counsel, Kline & Specter, P.C., hereby bring this action against Defendants, Magic Time International, Ltd. and Wal-Mart Stores, Inc., and in support thereof aver as follows:

### PARTIES

1.     Plaintiffs, Robyn Shaw and Robert Shaw, III, wife and husband, are citizens and residents of the Commonwealth of Pennsylvania, residing therein at 300 Morewood Avenue, Blairsville, Pennsylvania 15717.

2.     Defendant, Magic Time International, Ltd. ("Magic Time"), is a corporation duly organized and existing under the laws of Hong Kong, with its principal place of business located at 20 Sheuing Yuet Road, Kowloon Bay, Hong Kong. At all relevant times hereto, Defendant Magic Time conducted systematic and continuous business activity within this judicial district.

3.     Defendant Magic Time, through its wholly owned and indirectly owned subsidiaries, distributes products for sale at retail stores within this judicial district, including, *inter alia*, the Wal-Mart store located at 100 Colony Lane, Latrobe, PA 15650.

4.     Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 818 West 7th Street, Suite 930, Los Angeles, California 90017.  At all relevant times hereto, Wal-Mart conducted systematic and continuous business activity within this judicial district.

5.     Wal-Mart owns and operates retail stores within this judicial district, including, *inter alia*, the Wal-Mart store located at 100 Colony Lane, Latrobe, PA 15650.

6.     Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are residents of separate states and because the amount in controversy is in excess

of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

7.      The events giving rise to this cause of action took place in Indiana County, Pennsylvania.

## **OPERATIVE FACTS**

8.      In the fall of 2019, Dora Alsippi, mother of Plaintiff, Robyn Shaw ("Mrs. Shaw") purchased a "Flying Fairy" toy ("the subject toy") from a Wal-Mart store located at in Latrobe, Pennsylvania.

9.      The subject toy's component parts include a plastic flower base or "launcher," a plastic launch cord, and a plastic fairy. *See* Flying Fairy box images, attached collectively hereto as Exhibit "A."

10.     A toy user may launch the plastic fairy into the air by placing the fairy's post into the coupler located on the launcher, then pulling the launch cord.  As the user pulls the launch cord, the fairy begins to turn and its wings expand until it releases into the air.  *See* Exhibit "A." The fairy may launch as high as nine feet into the air before it descends.  *See id.*

11.     Upon information and belief, Defendant Magic Time began producing and manufacturing the subject toy for sale at some point after its incorporation in 2009.

12.     Prior to Defendant Magic Time's launch of the subject toy, the United States Consumer Product Safety Commission ("CPSC") issued recall notices and safety notifications for at least three flying fairy dolls with substantial similarities in design to the subject toy.

13.     In 1997, toy manufacturer Placo Products Company, in cooperation with the CPSC, issued a recall and safety notification for Star Wonders "flying dolls" after receiving reports of serious eye injuries incurred during use, including, *inter alia*, corneal abrasions, torn retinas, and blindness.

14.     Upon information and belief, Star Wonders flying dolls operated identically to the subject toy; a user could launch the doll into the air by pulling the doll's launch cord, which would cause the doll's wings to rotate and the doll's body to launch into the air.

15.     In 1998, toy manufacturer Tara Toy Corporation, in cooperation with the CPSC, issued a recall and safety notification for a "flying doll" toy, after receiving reports of children suffering serious eye injuries incurred during use, including, *inter alia*, a shattered iris and cataract development requiring an artificial lens and resulting in partial loss of sight.

16.     Upon information and belief, Tara Toy Corporation's flying dolls operated identically to the subject toy; a user could launch the doll into the air by pulling the doll's launch cord, which would cause the doll's wings to rotate and the doll's body to launch into the air.

17.     In 2000, toy manufacturer Hasbro, Inc. in cooperation with the CPSC issued a recall and safety notification for Sky Dancer "flying dolls" after receiving reports that the dolls launched rapidly and in unpredictable directions, causing injury to users, including, *inter alia*, eye injuries such as scratched corneas, incidents of temporary blindness, and broken teeth.

18.     Upon information and belief, Sky Dancer "flying dolls" operated identically to the subject toy; a user could launch the doll into the air by pulling the doll's launch cord, which would cause the doll's wings to rotate and the doll's body to launch into the air.

19.     Given the 1997, 1998, and 2000 recall notices and safety notifications issued regarding the above-referenced toys, which were substantially similar in design and operated identically to the subject toy, Defendants, whose business is manufacturing, selling, and/or distributing children's toys, knew or reasonably should have known as early as 1997 of the inherent dangers associated with the subject toy, including the foreseeable risk of eye injury.

20.     Despite their knowledge of the inherent dangers associated with the subject toy,

3

including the foreseeable risk of eye injury, Defendants negligently and recklessly failed to adequately design the subject toy or warn of the dangers associated with it.

21.    On October 24, 2019, Mrs. Shaw and her two minor children opened the subject toy and began to play with it outside in their neighbor's yard.

22.    Upon opening the subject toy's box, there were no obvious defects observed in the box or the toy's component parts.

23.    Prior to October 24, 2019, Mrs. Shaw had never opened the subject toy's box or attempted to use it.

24.    After reading the subject toy's directions, opening the box, and removing it for use, Mrs. Shaw successfully launched the fairy into the air two times in an open area by standing back, holding the subject toy's launcher upright, at arm's length, and away from her face, turning the fairy's head forward, and pulling the launch cord in a smooth continuous motion per the toy's instructions.

25.    Mrs. Shaw did not aim the fairy at her eyes or face, any other individual, animal, and/or object.

26.    As a result of the product defects associated with the subject toy, when Mrs. Shaw attempted to launch the fairy into the air for the third time in the same manner, instead of flying upward, the toy flew directly into Mrs. Shaw's right eye.

27.    Upon impact, Mrs. Shaw experienced extreme pain and could not open her eye.

28.    Dora Alsippi immediately transported Mrs. Shaw to the Emergency Room at Indiana Regional Medical Center located at 835 Hospital Road Indiana, PA 15701.

29.    Upon arrival at Indiana Regional Medical Center, Mrs. Shaw complained of 10/10 pain and was noted to have decreased visual acuity in her right eye.

30.     Examination of Mrs. Shaw's right eye revealed excessive tearing, an irregular pupil, an injected sclera, and a subconjunctival hemorrhage on the right side of the eye.

31.     Mrs. Shaw was diagnosed with traumatic iritis of the ribs with a concern for possible Seidel sign and was referred to the University of Pittsburgh Medical Center ("UPMC") for further treatment.

32.     On October 24, 2019, Mrs. Shaw presented to UPMC Emergency Department, where she underwent additional work up for traumatic iritis and was referred to a trauma ophthalmologist.

33.     On October 29, 2019, Mrs. Shaw presented to Evan Waxman, MD, PhD ("Dr. Waxman") for further care.

34.     Upon presentation to Dr. Waxman, Mrs. Shaw complained of "[l]ittle improvement in vision," "pain and headaches" and "seeing stars" when she stood up.

35.     Upon examination, Mrs. Shaw's visual acuity was recorded as 20/800 in her right eye.

36.     Dr. Waxman diagnosed Mrs. Shaw with traumatic iritis and a traumatic corneal abrasion of the right eye and prescribed medication and an eye patch.

37.     Since being diagnosed with traumatic iritis and a traumatic corneal abrasion of the right eye, Mrs. Shaw has continued to experience, pain, headaches, floaters, a dilated pupil of the right eye, decreased visual acuity of the right eye, and a cataract of the right eye.

38.     As a result of the product defects associated with the subject toy, Mrs. Shaw has suffered and will continue to suffer severe and permanent injuries, including, *inter alia*, the following:

      a.     Traumatic iritis;

b.    Traumatic corneal abrasion;

c.    Cataract;

d.    Headaches;

e.    Eye pain;

f.    Loss of vision;

g.    Disfigurement;

h.    Embarrassment;

i.    Past loss of life's pleasures;

j.    Future loss of life's pleasures;

k.    Wage loss;

l.    Past medical expenses;

m.    Future medical expenses;

n.    Past pain and suffering;

o.    Future physical pain and suffering;

p.    Past mental anguish;

q.    Future mental anguish;

r.    Past and future severe emotional distress; and

s.    Other damages as provided by Pennsylvania law.

**COUNT I**
**STRICT LIABILITY – DESIGN DEFECT**
**Plaintiff Robyn Shaw v. All Defendants**

39.    Plaintiffs incorporate by reference all of the above paragraphs as though set forth fully herein.

40.     At all relevant times hereto, Defendants knew or should have known of the foreseeable risk of eye injury inherent in the design of the subject toy.

41.     At the time Defendants designed, manufactured, marketed, sold, and distributed the subject toy, it was defective in its design, unreasonably dangerous, and unsafe for its intended purpose because it did not provide adequate protection against the foreseeable risk of eye injury. Defendants acted negligently and recklessly by failing safely design the subject toy for reasons including *inter alia*, the following:

     a.    Failure to properly design the subject toy;

     b.    Failure to properly test the subject toy during the design process;

     c.    Failure to design the subject toy to launch the fairy only as intended, straight into the air;

     d.    Failure to prevent the subject toy from launching the fairy at unsafe angles and in unpredictable directions, including toward the user's face;

     e.    Failure to incorporate any safety features into the design of the subject toy, including but not limited to a locking feature and/or safety lock, to prevent the fairy from launching at unsafe angles and/or in unpredictable directions, including toward the user's face;

     f.    Failure to use proper quality control and inspection policies and procedures to ensure that the fairy only launched straight

into the air and not at unsafe angles and/or in unpredictable directions, including toward the user's face;

g.     Failure to use proper quality control and inspection policies and procedures to incorporate appropriate safety features in the design of the subject toy, including but not limited to a locking feature and/or safety lock, to prevent the launch of the fairy at unsafe angles and/or in unpredictable directions, including toward the user's face;

h.     Failure to promulgate and enforce proper quality control and inspection policies and procedures to ensure that appropriate materials were utilized in the design and/or production of the subject toy;

i.     Failure to provide alternative designs to ensure that the fairy only launched straight into the air and not at unsafe angles and/or in unpredictable directions, including toward the user's face;

j.     Failure to employ and consult with properly qualified, licensed engineers and/or other professionals in order to ensure that the subject toy would be engineered with all elements necessary for safety as required by Pennsylvania law;

k.      Failure to equip the subject toy with all elements necessary for safety, despite the known and foreseeable risk of eye injury; and

l.      Failure to properly design, test, assemble, engineer, inspect, distribute, sell, market and advertise the subject toy, rendering it defective and unfit for safe use.

42.     When the subject toy left the control of Defendants, it lacked all elements necessary for safety and therefore was defective in its design.

43.     The subject toy reached Plaintiff Robyn Shaw without substantial change in the condition in which it was designed and distributed by Defendants.

44.     At all relevant times, Plaintiff Robyn Shaw used the subject toy in a reasonably foreseeable manner.

45.     Defendants knew or should have known about the defective nature of the subject toy, and acted in conscious disregard of its known defects by continuing to manufacture, market, sell, and distribute a defective product.

46.     The defective design and unreasonably dangerous condition of the subject toy were direct and proximate causes of Plaintiff Robyn Shaw's severe and permanent injuries, as previously set forth herein.

47.     Defendants are strictly liable to Plaintiff Robyn Shaw for designing a defective and unreasonably dangerous product. The inherent risks associated with the product outweighed the benefits of its use, as a safer alternative design was economically and technologically feasible at the time the product left the control of Defendants. As such, Plaintiff Robyn Shaw is entitled to recover for her injuries.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

**COUNT II**
**STRICT LIABILITY – MANUFACTURING DEFECT**
**Plaintiff Robyn Shaw v. All Defendants**

48.     Plaintiffs incorporate by reference all of the above paragraphs as though set forth fully herein.

49.     At all relevant times hereto, Defendants knew or should have known of the foreseeable risk of eye injury inherent in the design of the subject toy.

50.     At the time Defendants designed, manufactured, sold, marketed, and distributed the subject toy, it was defective in its manufacturing, unreasonably dangerous, and unsafe for its intended purpose because it did not provide adequate protection against the foreseeable risk of eye injury. Defendants acted negligently and recklessly by failing to safely manufacture the subject toy for reasons including, *inter alia*, the following:

    a.      Failure to properly manufacture the subject toy;

    b.      Failure to properly test the subject toy during the manufacturing process;

    c.      Failure to manufacture the subject toy to launch the fairy only as intended, straight into the air;

    d.      Failure to prevent the subject toy from launching the fairy at unsafe angles and in unpredictable directions, including toward the user's face;

e.   Failure to incorporate any safety features into the design of the subject toy, including but not limited to a locking feature and/or safety lock, to prevent the fairy from launching at unsafe angles and/or in unpredictable directions, including toward the user's face;

f.   Failure to use proper quality control and inspection policies and procedures to ensure that the fairy only launched straight into the air and not at unsafe angles and/or in unpredictable directions, including toward the user's face;

g.   Failure to use proper quality control and inspection policies and procedures to incorporate appropriate safety features in the design of the subject toy, including but not limited to a locking feature and/or safety lock, to prevent the launch of the fairy at unsafe angles and/or in unpredictable directions, including toward the user's face;

h.   Failure to promulgate and enforce proper quality control and inspection policies and procedures to ensure that appropriate materials were utilized in the design and/or production of the subject toy;

i.   Failure to provide alternative designs to ensure that the fairy only launched straight into the air and not at unsafe angles and/or in unpredictable directions, including toward the user's face;

j.   Failure to employ and consult with properly qualified, licensed engineers and/or other professionals in order to ensure that the subject toy would be engineered with all elements necessary for safety as required by Pennsylvania law;

k.   Failure to equip the subject toy with all elements necessary for safety, despite the known and foreseeable risk of eye injury; and

l.   Failure to properly manufacture, test, assemble, engineer, inspect, distribute, sell, market and advertise the subject toy, rendering it defective and unfit for safe use.

51.   When the subject toy left the control of Defendants, it lacked all elements necessary for safety and therefore was defective in its manufacturing.

52.   The subject toy reached Plaintiff Robyn Shaw without substantial change in the condition in which it was manufactured and distributed by Defendants.

53.   At all relevant times, Plaintiff Robyn Shaw used the subject toy in a reasonably foreseeable manner.

54.   Defendants knew or should have known about the defective nature of the subject toy, and acted in conscious disregard of its known defects by continuing to manufacture, market, sell, and distribute a defective product.

55.   The manufacturing defects in the subject toy were the direct and proximate cause of Plaintiff's severe and permanent injuries, as previously set forth herein.

56.   Defendants are strictly liable for manufacturing and placing into the stream of

commerce a defective and unreasonably dangerous product. The inherent risks associated with the product outweighed the benefits of its use, as a safer alternative design was economically and technologically feasible at the time the product left the control of Defendants. As such, Plaintiff Robyn Shaw is entitled to recover for her injuries.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

**COUNT III**
**STRICT LIABILITY – FAILURE TO WARN**
**Plaintiff Robyn Shaw v. All Defendants**

57.     Plaintiffs incorporate by reference all of the above paragraphs as though set forth fully herein.

58.     At all relevant times hereto, Defendants knew or should have known of the substantial dangers and inherent risks of eye injury involved in the reasonably foreseeable use of the subject toy.

59.     Defendants knew or should have known that the substantial dangers and inherent risks of eye injury involved in the reasonably foreseeable use of the subject toy were not readily recognizable to an ordinary consumer or user and that such person would use the subject toy without inspection for defects.

60.     Defendants knew or should have known of the foreseeable risk of eye injury inherent in the design of the subject toy.

61.     Defendants acted negligently and recklessly by failing to provide necessary safety materials and failing to adequately warn of the substantial dangers and known and foreseeable risk of eye injury, by failing to provide warnings regarding *inter alia*, the following:

13

a.   the risk that the subject toy would launch the fairy at unsafe angles and in unpredictable directions, including toward the user's face;

b.   the risk that the subject toy would fail to prevent the fairy from launching at an unsafe angle or in an unpredictable direction, including toward the user's face, even when used in accordance with the toy's instructions;

c.   the limitations of the subject toy, especially in light of its defective design as previously set forth herein;

d.   the inferior quality of the subject toy, especially in light of its defective design as previously set forth herein; and

e.   post-sale modifications and additional warnings in an effort to eliminate the unreasonably dangerous nature of the subject toy.

62.   Any such safety material and/or warning that may have been provided and/or attached to the subject toy was nullified or rendered ineffective by contrary representations made by Defendants regarding the safety of the subject toy.

63.   As a result of Defendants' recklessness and failure to adequately warn, Plaintiff Robyn Shaw neither knew nor had reason to know about the existence of defects in the subject toy, as previously set forth herein.

64.   At all relevant times hereto, Plaintiff Robyn Shaw used the subject toy in a reasonably foreseeable manner.

65.   Defendants' failure to warn of the substantial dangers and inherent risks of eye

14

injury associated with the reasonably foreseeable use of the subject toy was the direct and proximate cause of Plaintiff Robyn Shaw's severe and permanent injuries, as previously set forth herein.

66.     Defendants are strictly liable for failing to warn consumers and users of the substantial dangers and inherent risks of eye injury associated with the reasonably foreseeable use of the subject toy.  As such, Plaintiff Robyn Shaw is entitled to recover for her injuries.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

## COUNT IV
## NEGLIGENCE
## Plaintiff Robyn Shaw v. All Defendants

67.     Plaintiffs incorporate by reference all of the above paragraphs as though set forth fully herein.

68.     At all relevant times hereto, Defendants owed a duty to consumers to use reasonable care in the manner in which it designed, manufactured, marketed, sold, and distributed the subject toy.

69.     At all relevant times hereto, Defendants knew or should have known of the foreseeable risk of eye injury inherent in the design of the subject toy.

70.     Defendants breached the duty of care they assumed to consumers and were negligent, careless, and reckless in designing, manufacturing, marketing, selling, and distributing the subject toy for reasons which include, *inter alia*, the following:

        a.      Failure to properly design and/or manufacture the subject
                toy;

15

b.      Failure to properly test the subject toy during the design and/or manufacturing process;

c.      Failure to design and/or manufacture the subject toy to launch the fairy only as intended, straight into the air;

d.      Failure to prevent the subject toy from launching the fairy at unsafe angles and in unpredictable directions, including toward the user's face;

e.      Failure to incorporate any safety features into the design of the subject toy, including but not limited to a locking feature and/or safety lock, to prevent the fairy from launching at unsafe angles and/or in unpredictable directions, including toward the user's face;

f.      Failure to use proper quality control and inspection policies and procedures to ensure that the fairy only launched straight into the air and not at unsafe angles and/or in unpredictable directions, including toward the user's face;

g.      Failure to use proper quality control and inspection policies and procedures to incorporate appropriate safety features in the design of the subject toy, including but not limited to a locking feature and/or safety lock, to prevent the launch of the fairy at unsafe angles and/or in unpredictable directions, including toward the user's face;

16

h.     Failure to promulgate and enforce proper quality control and inspection policies and procedures to ensure that appropriate materials were utilized in the design and/or production of the subject toy;

i.     Failure to provide alternative designs to ensure that the fairy only launched straight into the air and not at unsafe angles and/or in unpredictable directions, including toward the user's face;

j.     Failure to employ and consult with properly qualified, licensed engineers and/or other professionals in order to ensure that the subject toy would be engineered with all elements necessary for safety as required by Pennsylvania law;

k.     Failure to equip the subject toy with all elements necessary for safety, despite the known and foreseeable risk of eye injury; and

l.     Failure to properly manufacture, test, assemble, engineer, inspect, distribute, sell, market and advertise the subject toy, rendering it defective and unfit for safe use.

71.    Defendants' negligence, carelessness, and recklessness in designing, manufacturing, marketing, selling, and distributing the subject helmet were the direct and proximate cause of Plaintiff Robyn Shaw's severe and permanent injuries, as previously set forth herein. As such, Plaintiff Robyn Shaw is entitled to recover for her injuries.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

## COUNT V
## MISREPRESENTATION
## Plaintiff Robyn Shaw v. All Defendants

72.     Plaintiffs incorporate by reference all of the above paragraphs as though set forth fully herein.

73.     At all relevant times hereto, Defendants knew or should have known of the foreseeable risk of eye injury inherent in the design of the subject toy.

74.     Defendants negligently and recklessly misrepresented material facts regarding the safety of the subject toy, including, *inter alia*, the following:

a.      marketing and advertising the subject toy as safe for use;

b.      failing to issue any warnings regarding the limitations of subject toy, especially in light of its defective design as previously set forth herein;

c.      failing to issue any warnings the inferior quality of the subject toy, especially in light of its defective design as previously set forth herein; and

d.      failing to issue any post-sale modifications or additional warnings in an effort to eliminate the unreasonably dangerous nature of the subject toy, which were reasonably foreseeable.

75.     Defendants knew or should have known that consumers, including Plaintiff Robyn Shaw, would accept the material misrepresentations made regarding the subject toy's safety as true and accurate.

76.     Defendants knew or should have known that consumers, including Plaintiff Robyn Shaw, would rely on the material misrepresentations made regarding the subject toy's safety when deciding whether to purchase and use it.

77.     Defendants made material misrepresentations regarding the safety of the subject toy with the intent to induce consumers, including Plaintiff Robyn Shaw, to purchase and use it.

78.     Plaintiff Robyn Shaw justifiably relied on Defendants' material misrepresentations regarding the safety of the subject toy when deciding whether to use it on October 24, 2019.

79.     As a direct and proximate result of Defendants' material misrepresentations, Plaintiff Robyn Shaw suffered severe and permanent injuries while using the subject toy in a reasonably foreseeable manner, as previously set forth herein. As such, Plaintiff Robyn Shaw is entitled to recover for her injuries.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

**COUNT VI**
**BREACH OF EXPRESS WARRANTY**
**Plaintiff Robyn Shaw v. All Defendants**

80.     Plaintiffs incorporate by reference all of the above paragraphs as though set forth fully herein.

81.     At all relevant times hereto, Defendants knew or should have known of the foreseeable risk of eye injury inherent in the design of the subject toy.

19

82.     In designing, manufacturing, marketing, selling, and distributing the subject toy, Defendants expressly warranted that the subject toy was safe for use.

83.      In designing, manufacturing, marketing, selling, and distributing, the subject toy, Defendants expressly warranted that it featured a safety lock which would prevent the fairy from launching at unsafe angles and in unpredictable directions.

84.     At the time Defendants designed, manufactured, marketed, sold, and distributed the subject toy, Defendants were aware that the ultimate user of the subject toy, in this case Plaintiff Robyn Shaw, would be relying on Defendants' skill and judgment in designing and manufacturing the subject toy.

85.     Defendants breached their express warranty by designing, manufacturing, marketing, selling, and distributing the subject toy when it was defective and unsafe for reasonably foreseeable use.

86.     As a direct and proximate result of Defendants' breach of their express warranties, Plaintiff Robyn Shaw suffered severe and permanent injuries while using the subject toy, as previously set forth herein. As such, Plaintiff Robyn Shaw is entitled to recover for her injuries.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

**COUNT VII**
**BREACH OF IMPLIED WARRANTY**
**Plaintiff Robyn Shaw v. All Defendants**

87.     Plaintiffs incorporate by reference all of the above paragraphs as though set forth fully herein.

88.     At all relevant times hereto, Defendants knew or should have known of the foreseeable risk of eye injury inherent in the design of the subject toy.

89.     In designing, manufacturing, marketing, selling, and distributing, the subject toy, Defendants impliedly represented that the subject toy was merchantable, fit for its ordinary and particular purpose, and free from defects.

90.     At all relevant times hereto, Plaintiff Robyn Shaw used the subject toy for the particular and ordinary purpose for which it was sold, namely, by pulling on the toy's launcher in order to release the fairy into the air.

91.     At the time Defendants designed, manufactured, marketed, sold, and distributed the subject toy, Defendants were aware that the ultimate user of the toy, in this case Plaintiff Robyn Shaw, would be relying on Defendants' skill and judgment in designing and manufacturing the toy.

92.     Defendants breached their implied warranties of merchantability and of fitness for a particular purpose by designing, manufacturing, marketing, selling, and distributing the subject toy in a defective and unsafe condition.

93.     As a direct and proximate result of Defendants' breach of their implied warranties, Plaintiff Robyn Shaw suffered severe and permanent injuries while using the subject toy, as previously set forth herein. As such, Plaintiff Robyn Shaw is entitled to recover for her injuries.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

## COUNT VIII
## MALFUNCTION
## Plaintiff Robyn Shaw v. All Defendants

94.     Plaintiffs incorporate by reference all of the above paragraphs as though set forth fully herein.

95.     The subject toy malfunctioned during Plaintiff Robyn Shaw's third pull of the fairy's launch cord on October 24, 2019, resulting in the subject toy flying directly into Plaintiff Robyn Shaw's right eye.

96.     At the time, the subject toy was being used in its normal or anticipated use and pursuant to the subject toy's instructions.

97.     As a direct and proximate result of this malfunction, Plaintiff Robyn Shaw suffered the injuries and damages set forth above.

98.     Defendant Magic Time knew or should have known of problems of this nature and a similar nature with its Flying Fairy toy and acted in conscious disregard of a known risk to public safety, and its conduct was wanton, willful, and reckless, warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

## COUNT IX
## LOSS OF CONSORITUM
## Plaintiff Robert Shaw, III v. All Defendants

99.     Plaintiffs incorporate by reference all of the above paragraphs as though fully set forth herein.

100.    At all times relevant hereto, Plaintiff Robert Shaw, III was married, and continues to be married, to Plaintiff Robyn Shaw.

101.    As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff Robert Shaw, III has sustained a loss of services, society, benefits, comfort, and companionship of his wife, Plaintiff Robyn Shaw, and will continue to do so in the future.

102.    As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff Robert Shaw, III claims the full measure of damages allowable under Pennsylvania law for the loss of consortium of his wife, Plaintiff Robyn Shaw.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

## COUNT X
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Minor-Plaintiff AS v. All Defendants

103.    Plaintiffs incorporate by reference all of the above paragraphs as though fully set forth herein.

104.    Minor-Plaintiff AS was present and with his mother, Plaintiff Robyn Shaw, during the injury to her eye on October 24, 2019 and its aftermath.

105.    Minor-Plaintiff AS witnessed the subject toy fly directly into Plaintiff Robyn Shaw's eye, which occurred as a result of the negligence, carelessness, and recklessness of Defendants as previously set forth herein, and the consequences of that negligence, carelessness, and recklessness, as previously set forth herein.

106.    The trauma and shock of Minor-Plaintiff AS's contemporaneous observance of the events previously set forth herein caused Minor-Plaintiff AS to suffer in the past, and will continue to cause him to suffer in the future, severe emotional and psychological distress and injuries, including but not limited to depression, nightmares, stress, anxiety, and physical and psychological ailments.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

## COUNT XI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Minor-Plaintiff TS v. All Defendants

107.    Plaintiffs incorporate by reference all of the above paragraphs as though fully set forth herein.

108.    Minor-Plaintiff TS was present and with his mother, Plaintiff Robyn Shaw, during the injury to her eye on October 24, 2019 and its aftermath.

109.    Minor-Plaintiff TS witnessed the subject toy fly directly into Plaintiff Robyn Shaw's eye, which occurred as a result of the negligence, carelessness, and recklessness of Defendants as previously set forth herein, and the consequences of that negligence, carelessness, and recklessness, as previously set forth herein.

110.    The trauma and shock of Minor-Plaintiff TS's contemporaneous observance of the events previously set forth herein caused Minor-Plaintiff TS to suffer in the past, and will continue to cause him to suffer in the future, severe emotional and psychological distress and injuries, including but not limited to depression, nightmares, stress, anxiety, and physical and psychological ailments.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, with all Defendants named herein, for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

**Respectfully submitted,**

**KLINE & SPECTER, P.C.**

By:     */s/ Kila B. Baldwin*
THOMAS R. KLINE, ESQUIRE
KILA B. BALDWIN, ESQUIRE
ELIA A. ROBERTSON, ESQUIRE
Attorney I.D. Nos. 28895 / 94430 / 321277
Attorneys for Plaintiffs

Dated: 10/20/21

## VERIFICATION

We, Robyn Shaw and Robert Shaw, III, individually and as parents and natural guardians of A        S        and T        S        minors, hereby verify that we are the plaintiffs in the foregoing action; that the attached Complaint is based upon information which we have furnished to our counsel and information which has been gathered by our counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and is not ours.  We have read the Complaint and to the extent that the allegations therein are based upon information we have given counsel, they are true and correct to the best of our knowledge, information and belief.  To the extent that the contents of the Complaint are that of counsel, we have relied upon counsel in making this Verification.  We understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

Dated: 10/19/21        

_____
**ROBYN SHAW**

_____
**ROBERT SHAW, III**